UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELA CHADUNELI, | No.  1:25-cv-02034-DJC-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| FACILITY ADMINISTRATOR, CALIFORNIA DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding through appointed counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The assigned District Judge referred the action to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).  ECF No. 3.  The briefing deadlines set by the court in this case have passed and the habeas petition is therefore deemed submitted on the record.  See 28 U.S.C. § 2243 ("the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require").

**I.      Factual and Procedural History**

Petitioner, proceeding pro se, filed an unverified § 2241 petition on December 29, 2025.  According to the allegations in the petition, Petitioner is a native of Georgia who has been in immigration detention since January 19, 2025.  ECF No. 1 at 6, 9.  Petitioner is detained at the California City Detention Center in California City, California, which is located in this judicial district.  Id. at 1.  Petitioner states that an Immigration Judge ("IJ") granted her withholding of

1

removal on December 11, 2025, yet Immigration and Customs Enforcement ("ICE") continues to hold her without an individualized custody redetermination or meaningful opportunity for release. Id. at 2, 6.

Petitioner asserts her removal is not imminent or foreseeable due to the grant of withholding of removal and that her continued detention under these circumstances is no longer reasonably related to any civil immigration purpose. Id. at 6. Petitioner also alleges inadequate medical care in the detention center related to, *inter alia*, severe chronic back pain from past spinal surgery and an untreated toothache for over two months. Id. at 7. By way of relief, petitioner seeks to be immediately released from immigration detention or, in the alternative, an order to "provide Petitioner with an immediate individualized bond hearing before a neutral decision-maker, at which the government bears the burden of justifying continued detention." Id.

On December 30, 2025, the undersigned ordered respondent to file an answer/return to the habeas petition within 14 days. ECF No. 4. This order further directed respondent to include "any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application." ECF No. 4 at 2.

However, respondent did not file an answer or return. Nor did respondent include any transcripts or other documents pertaining to petitioner's immigration proceedings. Instead, respondent filed a document captioned as a "Combined Opposition." ECF No. 9. This pleading filed by counsel makes no meaningful substantive points and includes multiple assertions that are not supported by either the facts of this case or any legal authority. To highlight this point, for example, respondent submits that "the detention authority in this case is lawful under the Constitution and applicable provisions of the Immigration and Nationality Act" without ever identifying which portion of the INA applies to petitioner. ECF No. 9 at 1. Respondent also states that "appeals are currently pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas litigation, including this case," but does not identify what those appeals are of how they might impact this case. Instead of following the court's order by responding substantively to the petition and including relevant agency documents, respondent chooses to simply delay these proceedings involving a detained individual by requesting "that the

2

Court set a briefing schedule, with [a] deadline for filing Respondents' opposition to the habeas petition and any relevant documents … 180 days from the date of the Court's order." Id. at 2.[1]

Petitioner, through appointed counsel, filed a reply on January 20, 2026. ECF No. 10. Petitioner argues that respondent's answer, in violation of the court's order, "did not address any of Ms. Chaduneli's claims for relief, did not explain the agency's reasons for detaining Ms. Chaduneli, and did not cite statutory authority to justify Ms. Chaduneli's continued detention." ECF No. 10 at 2. As a result, petitioner requests that the court treat respondent's answer as a waiver of opposition, grant her § 2241 petition, and order her immediate release. Id. at 2-3.

Other than reflecting a docket date of February 14, 2025, the Executive Office of Immigration Review's Automated Case Information system provides no information regarding the status of petitioner's immigration case. See https://acis.eoir.justice.gov/en/caseInformation. The court takes judicial notice of this information related to petitioner's immigration proceedings. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Therefore, the only information before the court regarding petitioner's immigration case is that she has been in immigration detention since January 19, 2025, was granted withholding of removal on December 11, 2025, and allegedly has never received a custody redetermination hearing while in detention.

**II.    Legal Standard**

Title 8 Section 1231(a) of the United States Code governs the detention of a noncitizen after a final order of removal has been issued. Detention is mandatory during the 90-day

---

[1] Other aspects of respondent's "Combined Opposition" are baffling. For example, respondent writes, as to petitioner's petition for a writ of habeas corpus, "[t]his Court appeared to construe this filing as a petition for a writ of habeas corpus[.]" ECF No. 9 at 1. The court did not *construe* anything. Petitioner filed a "petition for writ of habeas corpus," and the court ordered a response to the petition. Moreover, respondent invites the court to construe the petition as a motion for a temporary restraining order ("TRO"), while still opposing the granting of a TRO. Id. at 1-2. In combination with the issues identified above, these statements leave the court with the distinct sense that the U.S. Attorney's Office filed this "Combined Opposition" without meaningfully attempting to determine whether there is a factual and legal basis to oppose the petition.

"removal period" following the entry of a final order of removal.  See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."  Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)).  "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3).  ICE "may" only continue to detain the noncitizen after the 90-day removal period if she falls into certain categories, including that she entered "the United States without being admitted or paroled," or arrived "in the United States at any time or place other than as designated by the Attorney General."  8 U.S.C. §§ 1231(a)(6), 1182(a)(6)(A)(i).

This federal statutory scheme also implicates petitioner's due process rights under the Fifth Amendment.  See Zadvydas v. Davis, 533 U.S. 678, 692 (2001) (describing "[t]he serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any such protection" as "obvious"); see also Nguyen v. Hyde, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that a DHS regulation governing post-final order removal detention was "promulgated to protect a fundamental right derived from the Constitution or a federal statute…."). In Zadvydas, 533 U.S. 678, the Supreme Court read an implicit due process limitation into 8 U.S.C. § 1231(a)(6), the immigration statute governing the removal of noncitizens who had already entered the United States and were subject to a final order of removal, in order to avoid serious constitutional problems.  The Supreme Court concluded that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693.  As a result, the Supreme Court concluded that "once [a

4

noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.  In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six-month period of detention.  Id. at 701.  If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

**III.    Analysis**

Because of respondent's noncompliance with the undersigned's order directing a response to the petition, the record is devoid of information regarding the government's reasons for detaining Petitioner or the statutory authority for her continued detention.  However, when a noncitizen is granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for 90 days pending the government's efforts to secure their removal to a third country.  See 28 U.S.C. § 1231(a)(2); Taslimi v. Holder, 590 F.3d 981, 988 (9th Cir. 2010) ("[W]hen an Immigration Judge decides to grant withholding of removal, an explicit order of removal must be included in the decision." (quoting Matter of I-S- and C-S-, 24 I. & N. Dec. 432, 434 (BIA 2008))).  Therefore, it appears Petitioner is still within the 90-day "removal period."

Moreover, based on the petition's allegation of "unlawful prolonged immigration detention without a bond hearing," ECF No. 1 at 6, the undersigned construes the petition as seeking relief under the Due Process Clause pursuant to the Supreme Court's decision in Zadvydas.  Petitioner argues that her removal "is not imminent due to the grant of withholding removal," and that there is "no clear or foreseeable timeline of removal." Id. at 6.

A grant of withholding, in and of itself, does not establish that removal is not imminent. "If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the [noncitizen] *to* that particular country, not *from* the United States." Johnson v. Guzman Chavez, 594 U.S. 523, 536 (2021) (emphasis in original).  Still, by failing to substantively respond to the petition here, respondent  has not rebutted Petitioner's showing that there is no significant likelihood of her removal to Georgia in the reasonably foreseeable future.

5

Thus, in accordance with Zadvydas, and on account of Petitioner's year-long detention without a bond hearing, the undersigned recommends granting petitioner's § 2241 application.

The undersigned now turns to the appropriate scope of habeas relief. Because petitioner appears to be within § 1231(a)'s 90-day removal period, and on the current record, the appropriate remedy is not immediate release but her alternative request for an individualized bond hearing before a neutral decision-maker at which the government bears the burden of justifying continued detention.[2] See Doe v. Becerra, 697 F. Supp. 3d 937, 945-48 (N.D. Cal. 2023) (holding due process required a bond hearing before an IJ in which government bears the burden where petitioner, who had won relief under the Convention Against Torture, was within the 90-day removal period but had already been detained for 22 months). At the bond hearing, "the government must prove by clear and convincing evidence that" petitioner "is a flight risk or a danger to the community to justify denial of bond," because "civil commitment for any purpose constitutes a significant deprivation of liberty." Singh v. Holder, 638 F.3d 1196, 1203-04 (9th Cir. 2011); Doe, 697 F. Supp. 3d at 947-48 (adopting reasoning of Singh in context substantially identical to this case).

### CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted based on the lack of any substantive answer filed by respondent and the weight of relevant authority;

2.      Respondent be ordered to provide petitioner with an individualized bond hearing before a neutral decision-maker, at which the government bears the burden of justifying

---

[2] Given that petitioner's detention has become prolonged, had petitioner presented evidence showing that the grant of withholding of removal rendered her actual deportation from the United States unlikely—for example, through quantitative evidence concerning the frequency of deportations involving those who have been granted withholding—she may have been entitled to immediate release under the logic of Zadvydas, even during the 90-day period. But see Doe v. Becerra, No. 23-CV-00072-BLF, 2023 WL 218967 (N.D. Cal. Jan. 17, 2023) (denying temporary restraining order in constitutional challenge to Section 1231(a)(1)-(2) as applied to the petitioner, where petitioner alleged DHS would likely not be able to identify a third country that would accept him). However, absent such evidence, a bond hearing with robust procedural protections is appropriate relief.

continued detention by clear and convincing evidence, within **fourteen (14)** from the date of any order adopting these Findings and Recommendations;

3. Respondent be further directed to file a notice certifying compliance with the above provision within **three (3) days** from the date of such bond hearing; and

4. The Clerk of the Court be directed to enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE